that our case is United States against Gonzalez and you're up Mr. McGurk. I'd like to reserve five minutes of the time for rebuttal. Can the court hear? Yes. The first point that I would make is the very simple one that under Gaul the larger the departure the more significant the basis has to be for the trial court. We have we would suggest that the reasons stated by the district court do not support the extreme departure. The court emphasizes the false statement to the or the false statements to the pre-trial or to the adjusted for that in terms of the two points for an enhancement in the calculation of the sentencing. So that's already been accounted for. So the most significant issue after that are the departures that the court is aware of discussed by that particularly by the government's every one of those departures has dramatically significant issues in aggravation not present in this case. So Mr. McGurk can you hear me? This is Judge Wood. Here's the problem that I see. This this the sentence selected by the district court judge was in fact 31 months above the high of the guideline range. Yes your honor. This is how much of a percentage though flows from the fact that it was a relatively low guideline range. If it had been you know a 235 month range and there was a sentence 31 months higher the percentage increase would have been very small. The percentage increase was big here but what I focus on and it seems to me we're supposed to explanation under the 3553a factors for the sentence that he in fact selected exercising his discretion and I'm not sure having properly calculated the guidelines he was bound to do more than he did. I would simply refer to the Dorsey case your honor by example that was a 33 to 41 month guideline range the court there imposed 120 months and the reason is in Dorsey as in this case the government presented evidence of murder by the defendant. The judge in Dorsey said the evidence meets the preponderance standard. Judge Finerman in this heard the evidence and said it does not meet the preponderance standard for all the reasons we discussed. So I would suggest that Mr. Gonzales received the same sort of sentence as if he had been found guilty of murder. Judge Finerman said that was not what he was doing and I don't see that explanation that brings the murder allegation back in. That is yes your honor. I'm just pointing out that the the the level of the increase in the sentence in terms of the aggravation particularly compared to the Groves case in which you know a similar age that defendant was 29 had four felony convictions and 52 arrests. This defendant had one single felony conviction and six arrests. I would suggest that is the basis for the difference. Yes your honor. The the Judge Finerman identified several aggravating factors. Yes your honor. Section here that it's he's selling or ready to sell multiple guns to gang members. It's in Chicago where the the gang violence with firearms is widely recognized as a special problem. Do the guidelines that were applied here take into account those factors at all? The issue in terms of the guidelines do not specifically address those factors your honor. But I believe that they that the sentencing calculation here going far beyond more than double what the recommendation was by the probation department and in fact what the repeatedly emphasized the probation officer's recommendation. We have repeatedly said that a district judge is not bound by the probation officer's recommendation, need not disclose it, and even when it is disclosed there is no obligation procedurally to address it or to give it any particular weight. That is not out of lack of respect for the professionalism and the value of the work the probation officers do. It just to do with the way the system is set up. So I that really is not going to get any traction. What I'm interested in is why it's inappropriate for the district judge to rely on these additional aggravating factors that are not accounted for in the guidelines to justify this higher sentence. Your honor, the court made the determination that while there was a false statement, the court rejected the suggestion that the defendant be denied the three points for exceptions of responsibility. So my question is focused on the points that the district court identified in aggravation. The gang connection, selling of the guns, multiple guns, and it's in Chicago where armed gangs are special problems. Your honor, I agree that there is no specific direction or inclusion of the discussion of the aggravations in the cases cited by the government in Groves, Dorsey, and in Taylor. Thank you. If you'd like to save some time, Mr. McGurk, this would be a good time to do it. I would like to do so, your honor. Thank you. Ms. Nuttini. Good morning and may it please the court. I'm Paige Nuttini here on behalf of the United States. The district court did not abuse its discretion in imposing an above-guideline sentence in this case. The district court imposed a 72-month term of imprisonment based on numerous aggravating factors. These included first the nature of defendant's offense, which the district court characterized as far more serious than a generic felon in possession offense. As your honors have noted, the defendant trafficked a firearm for someone he believed to be a fellow Latin Kings gang member and then offered to sell that individual two additional firearms. The district court recognized, consistent with this court's case law, that the Latin Kings are a criminal organization and that the gun defendant sold could have been used to commit violence. The district court also considered defendant's recidivism, which included another firearms related offense, specifically armed robbery, in which the defendant robbed a victim at gunpoint. Two months after being released from custody to go to boot camp for this offense, the defendant reoffended and was returned to custody. The district court also considered in aggravation defendant's numerous misrepresentations to the probation officer regarding his gang membership and regarding basic facts about his identity, especially where the defendant had been previously convicted for obstructing identification. Finally, the district court found that general and specific deterrence considerations were also aggravating. Regarding general deterrence, the district court found that defendant's sentence needed to deter other felons from possessing firearms, but especially from selling firearms to gang members. Regarding specific deterrence, the district court found this was a significant consideration for defendant specifically in light of his demonstrated unwillingness to follow the law on numerous occasions. So Ms. Nutini, let me ask you a more general question. We've certainly read Judge Finerman's explanation and he said all the things you said, but what's the government's view on the fact, as Mr. McGurk points out, that at least some of these considerations were also addressed in the guidelines? So the dishonesty, he gets obstruction of justice, the recidivism, of course, would be reflected in his criminal history. Does that in any way undermine Judge Finerman's decision to rely on these points for 3553A? Your Honor, it should not. This court has held that the guidelines sentence imposed and the guidelines factors considered can also be considered in a court's 3553A analysis. There can be some overlap and the district court is not required to further explain why there is overlap there. In this case, the district court rightfully considered the 3553A factors, which encompass things like defendant's criminal history, his repeated recidivism, things that, yes, were accounted for in the guidelines, but also were to be considered in the court's 3553A analysis. The district court weighed these substantial aggravating factors against evidence of opportunity to raise any points of mitigation that he believed were not adequately addressed before imposing the 72-month sentence. Because the district court gave significant consideration to the 3553A factors and provided sufficient justification for its sentencing decision, the court's sentence was not an abuse of discretion. Unless the panel has any further questions for the government, I would ask that the court affirm the defendant's sentence. I see none, so thank you very much. Anything further, Mr. McGurk? Mr. McGurk, could you press star 6 on your phone's keypad to unmute yourself? Can the court hear me now at this point? Yes, now, just now. Yes, Your Honor, the only point that I would add in terms of recidivism, I believe the PSR shows a single conviction, felony conviction. The comparison to the Vasquez case that was cited by the judges, that defendant had three prior identical convictions for the same offense. That's all that I would add, Your Honor. All right, well, thank you very much. I understand you were appointed to take this case, Mr. McGurk? Yes, Your Honor. And the court thanks you very much for your assistance to your client and to us. Thank you, Your Honor. Thanks as well to the government. We will take this case under advisement.